IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3730 |
| | § | |
| ARTHUR R. McFERRIN and | § | |
| DOROTHY McFERRIN, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendants' Motion for Reconsideration [Doc. # 34] ("Motion"). The United States of America (the "IRS") has responded [Doc. # 37]. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that the Motion should be **denied**.

**I.   FACTUAL AND LEGAL BACKGROUND**

"Increasing research activities" is a source of tax credits and deductions available to taxpayers pursuant to Sections 41 and 280C of the Internal Revenue Code ("Code"), 26 U.S.C. §§ 41, 280C. These provisions allow taxpayers to claim a credit for "qualifying" or "basic" research expenses, *see* 26 U.S.C. § 41(b) and (e)(2), respectively, "undertaken for the purpose of discovering information which is technological in nature" and "intended to be useful in the development of a new or improved business component of the taxpayer." *Id*., § 41(d)(1)(B). Sections 41 and

280C of the Code provide for different calculations of research credits. Section 41 controls the general treatment of such tax credits, and provides for a credit of 20% of the applicable sum spent on research. Section 280C(c)(3) allows taxpayers to claim a reduced credit of 13% of the expenditures. Because the allowable deduction for research activities is offset by the amount of the credit claimed, the § 280C(c)(3) reduced credit may result in advantageous tax consequences for some taxpayers. *See id.*, § 280C(c)(1), (3).[1]

This case involves the tax treatment of research credits claimed by a partnership and its partners, and the limitations periods applicable to a partnership and its partners' tax returns as originally filed and later amended. The following facts, drawn from the Complaint and Answer, are uncontested. Arthur McFerrin was, at all relevant times, the sole shareholder of four corporations (collectively, the "S Corporations"). Two of the S Corporations were KMCO, Inc. ("KMCO") and KMCO Port Arthur, Inc., doing business as KMTEX ("KMTEX") (collectively, the "Independent Corporations"). The other two S Corporations, South Coast Acquisition, Inc. ("SC Acquisition") and South Coast Deleware, Inc. ("SC

---

[1] A taxpayer may choose, subject to certain limitations, to take a reduced tax credit pursuant to § 280C, rather than the standard § 41 credit, in order to take a larger tax deduction.

Deleware"[2]) (collectively, the "Partner Corporations"), were the sole partners in South Coast Terminals ("SC Terminals"). SC Acquisition owned 1% of SC Terminals as a general partner; SC Deleware owned the remaining 99% as a limited partner.

In July 2000, SC Terminals filed a timely Form 1065, a partnership income return, for the year 1999.[3] That return did not claim any credit for "increasing research activities." The four S Corporations also timely filed their 1999 taxes in March and May of 2000. None reported any credit for increasing research activities. On October 13, 2000, the McFerrins filed their joint personal income tax return, Form 1040, for 1999. They also did not claim a credit for increasing research activities.

On September 22, 2003, more than three years after its original 1999 return, SC Terminals filed an amended partnership income return for 1999.[4] The amendment included a supplementary page explaining that "[t]he taxpayer is amending their

---

[2]  The Court has adopted the McFerrins' unconventional spelling of the word "Delaware."

[3]  *See* Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub.L. 97-248, § 402(a), 96 Stat. 648 (TEFRA partnership provisions). "Under [TEFRA], partnerships are required to file informational returns reflecting the distributive shares of income, gains, deductions, and credits attributable to their partners, while individual partners are responsible for reporting their *pro rata* share of tax on their income tax returns." *Grapevine Imports, Ltd. v. United States*, 71 Fed. Cl. 324, 327 (2006).

[4]  SC Terminals' Amended Return for 1999 ("SC Terminals' Amended 1999 Return"), Complaint, Exhibit 12.

return to additionally include Form 6765, Credit for Increasing Research Activities."[5] The amended Form 6765 reported qualifying research expenditures of $1,023,785.[6] One-half of this amount, or $511,892.50, was the basis for SC Terminals' research credit. The return claimed 13% of the base, or $66,546, as the actual credit for 1999.[7]

The $66,546 research credit was passed along to the Partner Corporations. Those entities also filed amended 1999 returns in September 2003. The research credit was applied to the partners' amended 1999 returns in amounts proportional to their respective interests in SC Terminals—SC Acquisition claimed $665 (one percent of the total credit)[8] and SC Deleware claimed $65,881 (the remainder of the credit).[9] The amended returns for these two corporations contained no other changes from the original returns. The amended returns explained that the corporations were "amending their return[s] because they received an amended K-1 from South Coast Terminals, L.P."[10]

---

[5]     *Id*. at 2.

[6]     *Id.* at 9, line 15.

[7]     *Id.* at 9, line 16.

[8]     *See* SC Terminals' Amended 1999 Return, at 10, line 13.

[9]     *See id.* at 12, line 13.

[10]    SC Acquisitions' Amended Return for 1999, Complaint, Exhibit 10, at 2; SC Deleware's Amended Return for 1999, Complaint, Exhibit 11, at 2.

KMTEX and KMCO, the Independent Corporations, also filed amendments to their 1999 tax returns in September 2003. These corporations followed the same procedure as SC Terminals, claiming 13% of the base amounts subject to research credits. KMTEX claimed a credit of $14,900,[11] and KMCO claimed $390,646.[12] Both corporations explained that they were "amending their return[s] to additionally include Form 6765, Credit for Increasing Research Activities."[13]

Also in September 2003, Arthur and Dorothy McFerrin filed an amended 1999 tax return. Their amendment claimed a $472,092 credit,[14] which was explained by the notation, "TAXPAYER RECEIVED AMENDED K-1S FROM SOUTH COAST ACQUISITION, INC., SOUTH COAST DELEWARE, INC., KMCO PORT ARTHUR, INC. d/b/a KMTEX, AND KMCO, INC."[15] This change resulted in a $472,092 refund to the McFerrins, which the IRS paid on November 7, 2003. The IRS now files suit for recovery of that refund, arguing that the refund was improper

---

[11] KMTEX's Amended Return for 1999 ("KMTEX's Amended 1999 Return"), Complaint, Exhibit 9, at 10, line 16.

[12] KMCO's Amended Return for 1999 ("KMCO's Amended 1999 Return"), Complaint, Exhibit 8, at 11, line 16.

[13] KMTEX's Amended 1999 Return, at 2; KMCO's Amended 1999 Return, at 2.

[14] McFerrin Amended Return for 1999 ("McFerrins' Amended 1999 Return"), Brief in Support of Motion for Summary Judgment [Doc. # 15], Appendix A, at 21.

[15] *Id*. at 22.

and issued in error.  *See* 26 U.S.C. § 7405 (credits and refunds awarded after the limitations period has expired or which are otherwise erroneous "may be recovered by civil action brought in the name of the United States.").

On September 18, 2006, nearly a year after the IRS commenced this federal court suit and just before the Motion was filed, SC Terminals, the four S Corporations, and the McFerrins each filed a second amended Form 1065 for the year 1999.[16]  The IRS asserted that these returns "request a refund calculated in accordance with sections 41(a), 280C(c)(1), and 280C(c)(2) of the Internal Revenue Code of 1986 . . . , rather than in accordance with section 280C(c)(3) of the Code."

On May 25, 2007, this Court granted in part and denied in part both parties' motions for summary judgment.[17]  The Court held that the limitations period for SC Terminals' return was determined by 26 U.S.C. §§ 6227(a)(1), 6229(a), and 6230(d)(1), and that the time to file an amendment to that return expired in July 2003. SC Terminals' 1999 amended return filed in October 2003 was therefore late, and SC Terminals was not entitled to the credit it belatedly claimed.  The Court further concluded that the credit received was improperly passed on to the S Corporation partners, and eventually to the McFerrins. The Court granted summary judgment in

---

[16]   *See* Unlabeled Attachments to Objections to Motion ("Second Amended 1999 Returns"); Sealed Exhibits to Brief in Support of Cross-Motion for Summary Judgment [Doc. # 27].

[17]   *See* Memorandum and Order of May 25, 2007 ("Prior Order") [Doc. # 31].

favor of the IRS on that issue and held that it was entitled to repayment of the portion of the McFerrins' refund that arose from SC Terminals' first amended 1999 filing. The Court determined, however, that proof was necessary to demonstrate what portion of the McFerrins' credit is allocable to SC Terminals's untimely amendment.[18]

The Court also rejected the IRS's argument that the Independent Corporations' and McFerrins' putative basis for claiming the increasing research credits was impermissibly vague. Because the amended filings explained the reason for the amendments and included some, albeit very sparse, supporting documentation (specifically, the McFerrins' Form 6765 which reported $472,092 "[f]low-through research credit(s) from a partnership, S corporation, estate, or trust"[19] and copies of Schedule K-1s for the Independent Corporations containing the statement that the credits (as passed through to the McFerrins) were "Credit for Increasing Research Activities,"[20] the Court found that the IRS was on notice of the "nature of the claim," the entities claiming the credit, and the legal theory upon which the claim was

---

[18]  The IRS objects to this ruling, contending that the figure is uncontested. If the McFerrins in fact agree with the IRS's analysis in this regard, the Court will accept the parties' stipulation.

[19]  McFerrins' Amended 1999 Return, at 27.

[20]  *Id*. at 30, 32, 34, 36.

founded.[21]  *See IA 80 Group, Inc. and Subsidiaries v. United States*, 347 F.3d 1067, 1074 (8th Cir. 2003).  The Court accordingly held that the McFerrins and the Independent Corporations had provided sufficient information to claim the research credits.[22]

The Court also held that, although the McFerrins improperly claimed a 13% credit,[23] they were not precluded from relying on 26 U.S.C. § 41 in order to obtain the proper 20% credit.  The Court therefore granted summary judgment in favor of the McFerrins on that issue.  Again, however, the Court left the calculations under the correct provision to be determined in future proceedings.

Regarding the McFerrins' second amended 1999 returns filed in September 2006, the Court held that, because SC Terminals' first amended 1999 partnership return (filed in September 2003) was untimely, that return could not validly be amended in 2006.  The Court declined to decide, however, whether the IRS is required to process the 2006 amendments of the McFerrins' and the Independent

---

[21]  As discussed *infra*, § 280C(c)(3) merely provides an alternate method of calculating the increasing research credit authorized by § 41.  Even though the McFerrins attempted first to utilize § 280C(c)(3), the fundamental legal basis for their claim was § 41.

[22]  This ruling applied only to the credits that the taxpayers sought on a timely basis.

[23]  26 U.S.C. § 280C(c)(3)(A), which provides for the 13% refund the McFerrins attempted to retroactively claim, is not available to an amending filer: "An election under this paragraph [§ 280C(c)(3)(A)]for any taxable year shall be made not later than the time for filing the return of tax for such year (including extensions), shall be made on such return, and shall be made in such manner as the Secretary may prescribe."

Corporations' 1999 returns. Instead, the Court directed the parties to recalculate the McFerrins' claim in light of the Prior Order, in an attempt to clarify the nature and scope of the remaining dispute relating to those two corporations' returns.

On June 25, 2007, the parties filed a Joint Status Report [Doc. # 32]. The IRS contended that the McFerrins owe at least $66,546 (plus statutory interest), the amount improperly refunded as a research credit derived from SC Terminals' untimely amended return.[24] The IRS also contended that there remains a material question regarding the factual basis for the Independent Corporations' (and thus the McFerrins') claim of the increasing research credits for 1999.[25]

Defendants then filed the pending Motion for Reconsideration. The Motion is not, in fact, a request that the Court reconsider any aspect of its Prior Order.[26] Rather, Defendants ask that the IRS be barred from attacking the factual basis for the research credits on the ground that the claim was inadequately pleaded. Defendants also propose their own calculation of the amount due to the IRS in light of this Court's earlier rulings.

---

[24]    Joint Status Report, at 2.

[25]    *Id.* at 3.

[26]    In the Joint Status Report, the parties did disagree with several of the Court's comments in the Prior Order. These matters were discussed and partially resolved at a pretrial conference held July 10, 2007.

### III.  ANALYSIS

Defendants contend that the IRS failed in its original complaint (the "Complaint") to challenge the factual basis for Defendants' claimed increased research credits, and that now the IRS may not substantively challenge that basis, at least not without amending the Complaint.[27] Defendants strenuously oppose any such amendment, and ask the Court to rule "that Plaintiff is barred from raising this new issue more than a year and a half after filing its initial Complaint, a year after the deadline for amending pleadings, and after partial summary judgment has been entered in favor of Defendants."[28]  The IRS counters that its Complaint adequately pleaded a claim that Defendants' research credits are factually unfounded and accordingly that the issue has been in the case all along.[29]

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The United States Supreme Court has made clear, however, that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation

---

[27]     *See* Motion, at 8.

[28]     *Id*. at 12.

[29]     At a discovery hearing held July 10, 2007, the Court indicated the view that the IRS's theory was adequately pleaded.  This Memorandum and Order confirms and elaborates on that conclusion.

of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* at 1965 n.3 (internal quotation marks omitted).  When the Complaint contains inadequate factual allegations, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* at 1967 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983).

The Court concludes that the IRS has adequately pleaded its claim that Defendants' research credits lack a proper foundation in fact.  In Count One of the Complaint, concerning Defendants' refund arising from the S Corporations' claims

for increasing research credits under § 280C(c)(3),[30] the IRS pleaded that Defendants "filed an amended income tax return for 1999 (claim for refund) that misrepresented facts to the United States and which resulted in the issuance of an erroneous refund for the 1999 period."[31] This allegation followed several references to Defendants' alleged failure to document their claims for increasing research credits.[32] In context, the IRS's Complaint gave Defendants sufficient notice that the IRS disputed not only the procedural and legal[33] bases, but also the underlying factual basis, for the claimed credits. *See Twombly,* 127 S. Ct. at 1964-65. Defendants' challenge to the IRS's pleading is unduly restrictive and is overruled. The parties must address the substantive viability of the Independent Corporations' and the McFerrins' claims of increasing research credits for the 1999 tax year.

---

[30] Complaint [Doc. # 1], at 6, ¶ 25.

[31] *Id*. at 8, ¶ 35.

[32] *See id.* at 3, ¶ 12 ("The IRS disallowed the claims [for 2000, 2001 and 2002] for refund for failure to substantiate the alleged expenses."); *id.* at 4, ¶ 17 (regarding KMCO and KMTEX, "No supporting documentation for the credit was supply to the IRS."); *id.* at 4, ¶ 18 (regarding SC Acquisition and SC Deleware, "As above, there were no documents to substantiate the claimed credits.")

[33] This legal argument is distinct from that decided by the Prior Order. The earlier motions for summary judgment turned on the question of whether Defendants adequately put the IRS on notice of the factual and legal basis for their tax filings. The IRS now argues that, even if it had sufficient notice of Defendants' claim for the increasing research credits, the credits are factually unjustified. That issue was not presented to or reached by the Court in the Prior Order..

In their Motion, Defendants also offer calculations for the proper amount of tax credits. Defendants urge the Court to enter a final judgment using their figures.[34] The IRS objects, arguing that Defendants calculations improperly rely on the untimely SC Terminals claim of a credit.[35] The IRS does not provide specific alternative calculations, but argues that "all of the calculations to date of the research credit to which the defendants might be entitled have incorporated figures from SC Terminals, whose research credit is not available to defendants."[36] The IRS contends that it cannot be determined from Defendants' latest calculations whether they have included SC Terminals's improper credits as a basis for the S Corporations' and McFerrins' amended filings. Defendants have not submitted a written reply to this contention, and it appears correct. The Court cannot determine the correct mathematical analysis on this record. In any event, because the IRS challenges the underlying factual validity of the credits, calculation of the valid credits is premature.

## IV.  CONCLUSION

For the reasons set forth above, the Court is unpersuaded by the arguments in Defendants' Motion for Reconsideration. It is accordingly

---

[34]  Defendants calculate that they owe the IRS $118,457.31. *See* Motion, at 16.

[35]  *See* Response, at 10-11.

[36]  *Id.* at 11.

**ORDERED** that Defendants' Motion for Reconsideration [Doc. # 34] is **DENIED**.

SIGNED at Houston, Texas, this **6th** day of **August, 2007.**

Nancy F. Atlas
United States District Judge