IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3730 |
| | § | |
| ARTHUR R. MCFERRIN, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Emergency Motion to Continue Trial and to Reopen Discovery [Doc. # 45]. Defendants have responded in opposition [Doc. # 47]. Plaintiff is requesting that discovery be reopened for seventy-five days and that the trial in this case be continued for at least ninety days.

This case is currently set for trial on December 18, 2007. Plaintiff states that on December 6, 2007, Defendants turned over thousands of pages of documents relevant to this matter, culled from approximately forty-five boxes of documents that Plaintiff may also need to review. Defendants acknowledge that they only recently turned over "a single, less than full, box of documents" to Plaintiff, but argue that these documents became relevant after the deposition of a witness that Plaintiff only recently identified.

Leave to amend deadlines granted in the court's scheduling order is guided by Rule 16 of the Federal Rules of Civil Procedure. "Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by

leave of the district judge.' The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)); *see also* FED. R. CIV. P. 16(b)(4). The Fifth Circuit has explained: "In determining good cause, we consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 546 (internal quotation omitted).

The Court is satisfied that there is good cause for granting Plaintiff's request. Plaintiff provides excellent reasons for the timing of its request for the extension. The amendment to permit additional discovery is fully justified by the presentation of new documents and the disclosure of the possible pertinence of many boxes of additional documents. Plaintiff would be unfairly prejudiced by the failure to grant the amendment, while there is no perceptible harm to Defendants in allowing the amendment. The issues in this case are complicated and both Plaintiff and Defendant could benefit from additional time to review documents and consider the deposition testimony of Plaintiff's recently-identified witness. Therefore, it is hereby

**ORDERED** that Plaintiff's Emergency Motion to Continue Trial and to Reopen

Discovery [Doc. # 45] is **GRANTED**.  It is further

**ORDERED** that the following amended pretrial schedule will apply:

**DISCOVERY** is reopened and must be completed by **February 22, 2008**.

**JOINT PRETRIAL ORDER** is due by **February 29, 2008.**

**DOCKET CALL** is set for **4:00 p.m.** in Courtroom 9-F on **Thursday, March 6, 2008.**

**TRIAL** is reset for **9:00 a.m.** in Courtroom 9-F on **Monday, March 17, 2008**.

SIGNED at Houston, Texas this **11th** day of **December, 2008.**

_____
Nancy F. Atlas
United States District Judge